**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JONATHAN FINDER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>USAA CASUALTY INSURANCE COMPANY, a foreign corporation; and UNITED SERVICES AUTOMOBILE ASSOCIATION, an unincorporated association,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-25-1206-D<br><br>(Remanded to Oklahoma County District Court, Case No. CJ-2025-6455) |

**ORDER**

Before the Court is Plaintiff's Motion for Remand [Doc. No. 10]. Defendant USAA Casualty Insurance Company (USAA CIC) and United Services Automobile Association (USAA) have filed a response [Doc. No. 13]. The matter is fully briefed and at issue.

**BACKGROUND**[1]

Plaintiff's car was severely damaged in a hailstorm on September 24, 2024. At the time of the storm, Plaintiff "was insured under an Oklahoma Automobile Policy of Insurance issued by USAA Defendants." [Doc. No. 1-2, ¶ 12]. Plaintiff submitted a comprehensive loss claim to Defendants and complied with all conditions precedent to receiving policy benefits owed under the terms of the policy. *Id.* ¶ 14. Defendants assigned the appraisal of hail damage to a third party, Nexterra Solutions Group (Nexterra), who recommended that the car be declared a total loss due to the amount of hail damage. *Id.* ¶

[1] As the Court construes factual issues in favor of Plaintiff for purposes of their motion to remand, the factual background is as alleged in Plaintiff's Petition [Doc. No. 1-2].

15. Defendants declined to process the claim as a total loss and instructed Nexterra to prepare an estimate for repair. *Id.* ¶ 15. Nexterra estimated the cost of repair to be $17,696.39, and Defendants authorized the repair to begin. *Id.* ¶ 17.

In 2024, when DentSource LLC (DentSource) started repairing the car, evidence of additional damage that was not accounted for in the initial estimate was found and submitted to Defendants. *Id.* ¶¶ 17-18. In response, Defendants advised DentSource they had declared Plaintiff's car a total loss due to the extent of the damage. *Id.* ¶ 19. But when DentSource provided Defendants with a final bill, Defendants stated they would no longer be declaring Plaintiff's car a total loss and would only pay the initial estimate cost of $17,696.39. *Id.* ¶ 21. Thus, Plaintiff was responsible for paying the remaining balance of $5,540.38 to retrieve his car. *Id.* ¶¶ 22-23.

Upon recovering his car, Plaintiff discovered that DentSource failed to complete some of the repairs and improperly repaired others. *Id.* ¶ 24. Plaintiff had to obtain an additional estimate for the remaining repairs, which was over $16,000.00. *Id.* He sold his car to CarMax in its existing condition resulting in a loss of approximately $10,000.00. *Id.* ¶ 25.

Plaintiff filed this action in state court on September 9, 2025, alleging claims against Defendants USAA and USAA CIC for breach of contract and breach of the duty of good faith and fair dealing. [Doc. No. 1-2]. USAA CIC timely removed the case to this Court on October 14, 2025. [Doc. No. 1]. In its notice of removal, USAA CIC alleges that complete diversity exists under 28 U.S.C. § 1332, and the amount in controversy exceeds the threshold for diversity jurisdiction. *Id.* Although USAA is a non-diverse party, USAA CIC

contends that USAA was fraudulently joined by Plaintiff to defeat diversity jurisdiction. *Id.*

On November 6, 2025, Plaintiff filed the present motion to remand, arguing USAA CIC cannot meet its "heavy burden" to show fraudulent joinder. [Doc. No. 10].

**STANDARD OF DECISION**

Subject matter jurisdiction over this case turns on the issue of fraudulent joinder. "To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (internal quotation omitted). As the removing party, USAA CIC must establish federal jurisdiction exists. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008).

"Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citation omitted). To satisfy the "heavy burden" on the party asserting fraudulent joinder, USAA CIC must show under the "actual fraud" prong that Plaintiff essentially "lied in the pleadings." *Sanelli v. Farmers Ins. Co.*, No. CIV-23-263-SLP, 2023 WL 3775177, at *2 (W.D. Okla. June 2, 2023) (quotation omitted). Under the "inability to establish a cause of action" prong, USAA CIC must show that there is no possibility that Plaintiff would be able to establish a cause of action against the agent in state court. *See Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. 2000)

(unpublished) (quotations and citation omitted);[2] *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (citation omitted) ("[T]he removing party must show that the plaintiff has 'no cause of action' against the fraudulently joined defendant.").

"[U]pon specific allegations of fraudulent joinder, the court may pierce the pleadings, . . . consider the entire record, and determine the basis of joinder by any means available." *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) (citations omitted); *see also Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 881-82 (10th Cir. 1967). The nonliability of a defendant alleged to have been fraudulently joined must be "established with complete certainty." *Smoot*, 378 F.2d at 882; *Dodd*, 329 F.2d at 85. "This standard is more exacting than that for dismissing a claim under FED. R. CIV. P. 12(b)(6)." *Montano*, 2000 WL 525592, at *2. Factual issues and legal ambiguities must be resolved in favor of the plaintiff. *See Dutcher*, 733 F.3d at 988 (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)).

## DISCUSSION

### I. Inability to State Cause of Action—Bad Faith

Under Oklahoma law, "[t]he elements of a bad faith claim against an insurer are: (1) the insured was entitled to coverage under the policy; (2) the insurer had no reasonable basis for delaying payment; (3) the insurer did not deal fairly and in good faith with the insured; and (4) the insurer's violation of the duty of good faith was the direct cause of the

---

[2] Unpublished opinions are cited in this Order pursuant to FED. R. APP. P. 32.1(a) and 10th Cir. R. 32.1(A).

insured's injury." *Automax Hyundai S., L.L.C. v. Zurich Am. Ins. Co.*, 720 F.3d 798, 810 (10th Cir. 2013).

USAA CIC asserts that USAA was fraudulently joined because Plaintiff cannot state viable claims against USAA, a stranger to the insurance policy, for breach of contract or breach of the implied duty of good faith and fair dealing. However, a third party may be liable for bad faith "when a third party stranger to the insurance contract acts so like an insurer that the third party develops a special relationship with the insured, and that third party possesses power, motive, and opportunity to act unscrupulously." *Hensley v. State Farm Fire & Cas. Co.*, 2017 OK 57, ¶ 18, 398 P.3d 11, 18. A stranger to an insurance policy may also be held vicariously liable by piercing the actual insurer's corporate veil. *See generally, Oliver v. Farmers Ins. Grp. of Cos.*, 1997 OK 71, 941 P.2d 985. Although USAA CIC acknowledges that a stranger to the insurance policy may be held liable under these exceptions, USAA CIC contends that neither exception applies to USAA.

Plaintiff alleges that: USAA and USAA CIC operate as alter-egos and are engaged in a single enterprise and/or joint venture to sell insurance policies; USAA and USAA CIC operate jointly to administer both the sale of insurance policies as well as the handling of claims made by citizens of Oklahoma; USAA and USAA CIC are managed and operated by the same and/or substantially the same officers and directors, and both entities are headquartered at the same facility in San Antonio, Texas; USAA CIC is part of the USAA reciprocal inter-insurance exchange; USAA operates and controls USAA CIC; when an insured submits a claim under an insurance policy issued by USAA, the claim still goes to

USAA; USAA employees handle the claims; and USAA policies, procedures, and standard practice apply to govern employee's conduct.

Upon careful consideration of the record, the Court finds that USAA CIC has not met its "heavy burden" to show—with complete certainty—that there is no possibility that Plaintiff would be able to establish a cause of action against USAA in state court.[3] The Court finds that Plaintiff's allegations are minimally sufficient to show a possibility of recovery against USAA. *See Wallace v. Golden Rule Ins. Co.*, No. CIV-22-878-PRW, 2023 WL 6380016, at *5 (W.D. Okla. Sept. 29, 2023) (noting the Oklahoma Supreme Court's recognition of claims against a non-party to an insurance contract when there is a special relationship between the plaintiff and non-party).

**II. Actual Fraud in the Pleading of Jurisdictional Facts**

As stated above, to show actual fraud in the pleading of jurisdictional facts "basically requires a showing that plaintiff lied in the pleadings." *Sanelli*, 2023 WL 3775177, at *2. USAA CIC relies solely on inability to state a claim as its basis for fraudulent joinder, but in its response to Plaintiff's motion to remand, USAA CIC references the alleged use of "cookie cutter" pleadings.

As USAA CIC is likely aware, several judges in this district have found that allegations of cookie-cutter complaints are, alone, insufficient to establish fraudulent

[3] Given this determination, the Court need not address Plaintiff's breach of contract claim against USAA. *See Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (unpublished) (explaining that a fraudulent joinder analysis turns on "whether there is a reasonable basis to believe the plaintiff might succeed in *at least one claim* against the non-diverse defendant").

joinder. *See Norman v. State Farm Fire & Cas. Co.*, No. CIV-24-1132-R, 2025 WL 342871, at *4 (W.D. Okla. Jan. 30, 2025) ("[T]he Court is not persuaded that the similarity in the allegations or the number of cases filed by Plaintiffs' counsel is necessarily suggestive of fraud in this action."); *Stacy v. State Farm Fire & Cas. Co.*, et al., No. CIV-22-883-PRW, 2023 WL 11915451, at *2 (W.D. Okla. Dec. 29, 2023) (granting remand in the face of an "apparent pattern of 'cookie-cutter' petitions"); *Rain Drop Found., Inc.*, 2025 WL 582562, at *5 ("The Court is not persuaded that the sheer quantity of similar claims alleged against insurance agents is enough to satisfy the high burden necessary to prove fraudulent joinder."); *Martin v. Allstate Vehicle & Prop., Ins. Co.*, No. CIV-23-739-SLP, 2024 WL 3510301, at *2 (W.D. Okla. July 23, 2024) ("[T]his Court, and multiple other federal district courts within the state of Oklahoma have rejected claims of fraudulent joinder on substantially similar allegations made in support of virtually identical claims for relief.").

Upon consideration, the Court finds that USAA CIC has not met its high burden to show actual fraud in the pleading of jurisdictional facts based on the nature of the petition. Accordingly, construing factual issues in favor of Plaintiff, the Court finds that USAA CIC has not established fraudulent joinder, and this Court lacks subject matter jurisdiction.

## CONCLUSION

For the reasons stated herein, Plaintiff's Motion to Remand [Doc. No. 10] is **GRANTED**, and the case is **REMANDED** to the District Court of Oklahoma County, Oklahoma. The Clerk of Court shall mail a certified copy of this Order to the clerk of the District Court of Oklahoma County. Each side shall bear their own attorney's fees, costs,

and expenses incurred as a result of the removal and remand. Based on the remand, the Court does not decide United Services Automobile Association's Motion to Dismiss and Brief in Support [Doc. No. 5] and leaves the motion for the state court.

**IT IS SO ORDERED** this 17th day of August, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE